SOMMERS LAW GROUP
STEPHEN A. SOMMERS, SBN 225742
JACOB W. SIDER, SBN 236084
870 Market Street, Ste. 1142
San Francisco, CA 94102
(415) 839-8569 (Tel)
(415) 956-0878 (Fax)
info@sommerslaw.com

Attorneys for Plaintiff
BLUE MARLIN, CORP.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE MARLIN CORP., a California Corporation<br>　　　　Plaintiff,<br>vs.<br>EJAZ DYEING & FINISHING MILLS (PVT) LTD., a business organization, form unknown; and Does 1 through 25 inclusive<br>　　　　Defendants. | Case No.: C-07-3994 EDL<br><br>**CASE MANAGEMENT STATEMENT**<br><br>Conference Date: Nov. 6, 2007<br>Time: 10:00 a.m.<br>Courtroom: Courtroom E, 15th Floor<br><br>**Hon. Elizabeth D. Laporte** |

## I.   INTRODUCTION

Plaintiff Blue Marlin Corporation ("Blue Marlin") has yet to serve Defendant Ejaz Dyeing and Finishing Mill (PVT) Ltd. ("Ejaz").

Blue Marlin filed its initial Complaint on August 2, 2007 with this Court and filed its First Amended Complaint on August 10, 2007. On August 1, 2007, Ejaz served a Complaint in the Superior Court for the County of Los Angeles, case number BC375220. Through other counsel, Blue Marlin has been defending the Los Angeles action including conducting depositions and exchanging documents. Through other counsel, Blue Marlin has been engaged

1  in negotiations with Ejaz. The parties are hopeful that all disputes between the parties will soon
2  be resolved.
3  As such, Blue Marlin does not have a further joint case management statement at this
4  time to submit to this Court at this time.

## II. DESCRIPTION OF THE CASE

6  Blue Marlin entered into a series of contracts with Ejaz to produce t-shirts and hoodies
7  for Wal-Mart's private label No Boundries to be sold in Wal-Mart stores. Wal-Mart requires its
8  supplies of such goods to conform to its ethical standards for labor, wage, health, safety, and
9  environmental protection and participate in Wal-Mart ethical standards program, subjecting the
10 supplier to onsite inspections of its manufacturing facilities.
11 Ejaz is a manufacturer located in Pakastan. During negotiations, Ejaz confirmed that it
12 was aware of Wal-Mart's requirements and assured Blue Marlin that its facility complied with
13 them. Based on such assurances, Blue Marlin entered into contracts to manufacture the goods.
14 On or about November 25, 2006, Wal-Mart inspected Ejaz's facility and found 18
15 violations of Pakastani laws regarding labor, wage, health, safety and environmental protection.
16 Blue Marlin immediately contacted Ejaz and told it that Wal-Mart made up $10,000,000 worth
17 of business for Blue Marlin and that if Ejaz did not rectify the violations immediately, Wal-Mart
18 would cease doing business with Blue Marlin.
19 In approximately March 2007, Ejaz told Blue Marlin that the violations had been
20 corrected. On or about April 4, 2007, Wal-Mart inspected Ejaz's facility again and again found
21 numerous violations. Citing the violations, Wal-Mart informed Blue Marlin that it would no
22 longer be ordering from Blue Marlin.
23 Blue Marlin is suing for negligent and intentional interference with contract, negligent
24 and intentional misrepresentation, breach of contract and unfair business practices.
25

1  Since Ejaz has yet to be served, there has been no discussions between the parties
2  regarding disclosure, discovery, assignment to a magistrate judge, potential legal or factual
3  disputes, ADR or a trial schedule.

Dated: October 30, 2007

SOMMERS LAW GROUP

Respectfully submitted,

STEPHEN A. SOMMERS
Attorney for Plaintiff
BLUE MARLIN, CORP.